BENJAMIN D. MARGO, CA SBN 348644
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (866) 974-7329
Email: bmargo@wsgr.com

PRAATIKA PRASAD (Admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
31 West 52 Street, Fifth Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: pprasad@wsgr.com

Attorneys for Defendants
*Google LLC and DeepMind Technologies Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REBECCA TRINIDAD, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC and DEEPMIND TECHNOLOGIES, LTD, <br><br> Defendants. | Case No.: 3:25-cv-09574-TLT <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO STRIKE JOINT DISCOVERY BRIEF** <br><br> Date: March 31, 2026 <br> Time: 2:00 pm <br> Courtroom: Courtroom 9 - 19 Floor <br> Judge: Trina L. Thompson <br> Magistrate Judge: Alex G. Tse <br><br> Complaint Filed: September 19, 2025 |

Defendants Google LLC and DeepMind Technologies, Ltd. (together "Google" or "Defendants") oppose Plaintiff Rebecca Trinidad's ("Trinidad") baseless administrative Motion to Strike the parties' Joint Discovery Brief ("Motion", Dkt. 49).

## INTRODUCTION

Like Trinidad's other filings (in this case and multiple other cases[1]), the instant Motion is entirely frivolous, misleading, and threatens to waste this Court and Google's time and resources. Trinidad's accusations are not well taken.

This dispute is a distraction at best. Google's Motion to Dismiss Trinidad's complaint in its entirety (Dkt. 25) is pending and set to be argued on March 31, 2026. Yet Trinidad asks this Court's time to strike a joint statement, which she herself demanded the parties write to address a needless dispute regarding Google's initial disclosures, based only on a false claim that counsel doctored the statement's formatting purportedly in violation of a non-existent local rule.

This unnecessary Motion, like many others before it, appears to be the product of Trinidad's delusional belief in a pervasive conspiracy against her. It also illustrates the futility of good faith attempts to negotiate with this *pro se* Plaintiff—even after a negotiated filing is agreed upon, Trinidad believes she is being cheated and files yet another motion. Accordingly, in addition to Google's request to deny the Motion, Google renews its request to stay discovery until the Motion to Dismiss is resolved (Dkt. 48 at 3). Should the request to stay discovery be denied, Google respectfully requests that this Court make an exception to its mandate for joint statements regarding discovery disputes. Given Trinidad's insistence on creating artificial disputes, Google does not believe that she is able or willing to engage in productive efforts to resolve them. Google respectfully suggests that, to preserve time and resources, the parties submit separate two-and-a-half page statements, rather than joint five-page submissions, in case of future disputes regarding discovery.

---

[1] *See Trinidad v. OpenAI Inc.*, N.D. Cal. No. 4:25-cv-06328-JST (frivolous claims dismissed with prejudice), *Trinidad v. Anthropic PBC*, N.D. Cal. No. 3:25-cv-06327-VC (same); *Trinidad v. Anthropic PBC*, No. 3:25-cv-06883-SK (same).

## ARGUMENT

Trinidad's Motion to Strike a joint discovery brief (which she herself initiated) is entirely baseless and should be denied. Google did not "adulterat[e]" any margins, "cram over-length" arguments into the statement, or make any "effort . . . to manipulate the procedural rules to silence Plaintiff." Mot. at 2.

***Google did not alter pleading margins in violation of any Rule.*** After Trinidad refused to format and file the joint statement that she had demanded, Google transferred the exact language she had agreed to onto pleading paper that fits 28 lines per page in compliance with Northern District of California Civil Local Rule 3-4(c)(2). Trinidad does not dispute this. Instead, she takes issue with the "margins" used (Mot. at 1, 3), arguing that Google altered margins in violation of "Civil Local Rule 3-4(c)(1)", which she claims "explicitly requires" 1-inch margins. Mot. at 2. She incorrectly claims that "[a] visual review of Defendants' filing (Dkt. 48) reveals that the top margin has been purposefully altered and pulled upward" in order "to artificially expand the printable area of the page, allowing Defendants to cram over-length, repetitive arguments into the 5-page limit[.]" *Id.*

Trinidad is wrong on the facts and the law, in ways so obvious that it is clear that Trinidad abdicated her responsibility to verify the accuracy of generative AI output before filing it with the Court. A side-by-side comparison of Dockets 48 and 49 does not show any insidious "cramming". To the contrary, the papers Google formatted look similar to the ones Trinidad formatted, and both resemble this District's pleading paper template. *See* https://cand.uscourts.gov/sites/default/files/forms/Blank-Pleading-Template-1.pdf. And it is not possible to "cram" extra lines into pleading paper by shrinking the top margin, because pleading paper in this District has exactly 28 lines per page. Trinidad could have easily determined this, or asked counsel about it before filing a needless motion.

Trinidad similarly should have read Civil Local Rule 3-4(c)(1) before misquoting it as saying that "all documents presented for filing 'must have top, bottom, and side margins of not less than 1 inch.'" Mot. at 2. That quote is obviously wrong, because Trinidad's own filing (Dkt. 49) has a right-side margin of less than 1 inch, as is typical with pleading paper. The actual Civil

1  Local Rule 3-4(c)(1) (available to the public at https://cand.uscourts.gov/rules-forms-fees/local-
2  rules/civil-local-rules), states that "[p]apers presented for manual filing must be on 8½ inch by 11
3  inch white paper with numbered lines, and must be flat, unfolded (unless necessary for the
4  presentation of exhibits), without back or cover, and firmly bound." It does not mandate any
5  specific margin width. In fact, the words "1 inch" appear nowhere in the Civil Local Rules or this
6  Court's Civil Standing Order.

7  Trinidad's true concern seems to be with the paragraph Google was forced to add after the
8  parties' initial exchange (Mot. at 3)—to refute Trinidad's baseless assertion that Google had
9  refused to "participate in discovery." Dkt. 48 at 1, 4-5. But, as Google explained in the joint
10 statement, those accusations are blatantly untrue and, as such, needed to be addressed. *Id*., Dkt.
11 48-3 at 5-7. Responding to false accusations in a joint statement is entirely proper and does not
12 justify a motion to strike.

13 ***Google did not manipulate Exhibits.*** Trinidad's accusations regarding "manipulation of
14 Exhibits" makes no sense. Mot. at 3. As Trinidad herself admits, and as the Exhibit she points to
15 makes clear (Dkt. 48-3), the entire email chain between Trinidad and undersigned counsel was
16 included for completeness. Because the email correspondence was ongoing, Google initially
17 included only (complete) earlier portions of the chain that were relevant to Google's argument
18 about Trinidad's improper accusations regarding purported refusal to participate in discovery. *See*
19 *id.* at 5-7 (discussing Trinidad's false accusations that Google refused to produce something she
20 explicitly requested before the deadline to do so had elapsed). After Trinidad indicated that she
21 would like the portions regarding the page limits to be included, Google included the entire email
22 chain. *See id.* at 1 ("Ms. Trinidad, for completeness, I will include this entire exchange as exhibit
23 3.").

24 **CONCLUSION**

25 The Motion to Strike is frivolous and misleading. Google respectfully requests that this
26 Court deny the Motion and, instead, stay discovery pending resolution of the Motion to Dismiss.
27 In the alternative, Google respectfully requests that the Court allow the parties to file separate
28 statements instead of a joint statement in case of future discovery disputes.

|   |   |   |
|---|---|---|
| 1 |   | Respectfully submitted, |
| 2 | Dated: March 13, 2026 | WILSON SONSINI GOODRICH & ROSATI Professional Corporation |

By:  /s/ *Praatika Prasad*
Praatika Prasad (Admitted *Pro Hac Vice*)
pprasad@wsgr.com

Attorneys for Defendants
*Google LLC and DeepMind Technologies Ltd.*