United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REBECCA TRINIDAD,
Plaintiff,
v.
GOOGLE LLC, et al.,
Defendants.

Case No. 25-cv-09574-TLT

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 25

## I. INTRODUCTION

Before the Court is the Defendants Google LLC and DeepMind Technologies, LTD' Motion to Dismiss. ECF 25. In this case, Plaintiff asserts seven causes of action against Defendants, alleging misappropriation of trade secrets, breach of implied-in-fact contract, unfair competition, unjust enrichment, constructive trust, declaratory judgment, and anticompetitive conduct.

After reviewing the parties' briefs, the relevant legal authority, and for the reasons stated below, the Court concludes that Plaintiff has failed to plausibly state claims against Defendants. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss.

## II. PROCEDURAL HISTORY

On September 19, 2025, Plaintiff Rebecca Trinidad filed a complaint against Defendants Google LLC ("Google") and DeepMind Technologies LTD in the U.S. District Court for the Northern District of Florida. ECF 1. On October 1, 2025, Plaintiff filed a First Amended Complaint and a motion to transfer venue. ECF 8, 9. On October 7, 2025, the Court granted the motion and transferred the action to the U.S. District Court for the Northern District of California. ECF 13.

On December 2, 2025, Plaintiff filed a Second Amended Complaint ("SAC"). ECF 19. On December 16, 2025, Defendants filed the Motion to Dismiss the SAC. ECF 25. The Motion to

Dismiss was fully briefed on January 8, 2026. ECF 26, 31. Plaintiff requested judicial notice to support her opposition to the Motion. ECF 27.

This Order relates to Defendants' Motion to Dismiss the SAC. ECF 25.

## III. FACTS ALLEGED IN THE SAC

The core of this dispute involves Plaintiff's challenge to Defendants' alleged misappropriation of her proprietary technology in their AI technology for commercialization. Plaintiff is an AI researcher and inventor who resides in Tallahassee, Florida. ECF 19-1 at 4. From February to September 2025, she developed six technologies to address AI safety, stability, and sovereignty. *Id*. at 5–6.

Plaintiff alleges that Google released products or made announcements shortly after she tested or disclosed her innovations. *Id*. at 7–12. For example, on April 9, 2025, hours after Plaintiff demonstrated her Agent-to-Agent (A2A) framework on the Gemini platform before she created an account or agreed to any Terms of Service, Google announced an identically named Agent2Agent protocol as an open standard. *Id*. at 8. On July 11, 2025, Google licensed Windsurf, who allegedly implemented Plaintiff's Multi-Agent frameworks as early as April 16, 2025, 24 hours after her framework was established. *Id*. at 9–11. In September 2025, Plaintiff developed the Quantum Emotional Intelligence System on xAI's Grok and claimed that researchers from DeepMind later reassembled her work. *Id*. at 12.

From July 8, 2025, Plaintiff made multiple proposals to Google's Office of General Counsel, disclosing her technologies and offering a strategic partnership or licensing. *Id*. at 12. As a result of the Defendants' nonresponse and ongoing commercialization of her technologies, including the announcement of Alpha Earth Foundations and Google Antigravity, which allegedly incorporated the core of her technologies, Plaintiff filed this lawsuit. *Id*. at 3, 12–17.

## IV. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome a motion to dismiss, a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citing

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Generally, when assessing the sufficiency of a complaint under Rule 12(b)(6), the Court may not consider materials outside of the pleadings. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

A "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted). However, "[e]ven a 'liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled.'" *Foregger v. Redfin Corp.*, 2025 WL 1829174, at *2 (N.D. Cal. July 2, 2025) (quoting *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

## V. DISCUSSION

### A. The Court declines Plaintiff's requests for judicial notice

"The [C]ourt may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court can decline to take judicial notice if the facts are not relevant to the Court's resolution of the question. *United States for Use & Benefit of Boscacci, Inc. v. Advanced Tech. Constr.*, No. 19-cv-00263-EDL, 2019 WL 13254174, at *2 (N.D. Cal. May 1, 2019).

Plaintiff requests that the Court take judicial notice of four cases. ECF 27. However, she fails to cite the full names of the cases and argues that they show that Google has a history of antitrust violations, privacy breaches, and evidence destruction. ECF 27 at 1–2. Plaintiff asserts that facts in these cases "are relevant to rebutting Defendants' arguments regarding the "implausibility" of Plaintiff's claims and establishing of unfair business practices under the Unfair Competition Law." *Id.* at 1. The Court find that they are not relevant to the instant matter. *See*

*Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take judicial notice of reports that were not relevant to the resolution of the appeal); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000) (declining to take judicial notice of statistics that were not relevant to any issue on appeal).

Accordingly, the Court **DENIES** judicial notice as to the four cases raised by Plaintiff.

**B. Plaintiff has failed to plausibly state misappropriation of trade secrets (Count I).**

"To succeed on a claim for misappropriation of trade secrets under the [Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836,] a plaintiff must prove: (1) that the plaintiff possessed a trade secret, (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff." *Nat'l Specialty Pharmacy, LLC v. Padhye*, 734 F. Supp. 3d 922, 929 (N.D. Cal. 2024) (quoting *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020)). "The DTSA defines a 'trade secret' as information that 'the owner thereof has taken reasonable measures to keep . . . secret' and that 'derives independent economic value, actual or potential, from not being generally known to . . . another person who can obtain economic value from the disclosure or use of the information.'" *Attia v. Google LLC*, 983 F.3d 420, 424 (9th Cir. 2020) (quoting 18 U.S.C. § 1839(3)). "To prove ownership of a trade secret, plaintiffs must identify the trade secrets and carry the burden of showing they exist." *Nat'l Specialty*, 734 F. Supp. 3d at 929 (citation omitted).

Plaintiff identifies the A2A framework as her trade secret and claims that its technical precision is incorporated into her purported patent applications. ECF 19-1 at 17; ECF 26 at 2, 9. While the purported applications lack substantial indicia that they are patent applications submitted to the United States Patent and Trademark Office, the Court finds that they list descriptions that are too broad, general, and vague to identify the subject matter of the trade secret. *See* ECF 26-6; *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-cv-02965-SC, 2013 WL 5770542, at *6 (N.D. Cal. Oct. 24, 2013); *Farhang v. Indian Inst. of Tech., Kharagpur*, No. C-08-02658 RMW, 2010 WL 2228936, at *14 (N.D. Cal. June 1, 2010); *Vendavo, Inc. v. Price f(x) AG*, No. 17–cv–06930–RS, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018); *Teradata Corp. v. SAP SE*, No. 18-cv-03670-WHO, 2018 WL 6528009, at *4 (N.D. Cal. Dec. 12, 2018).

Even if what Plaintiff claims are considered as trade secrets, Plaintiff fails to show that she took reasonable measures to keep these trade secrets. Plaintiff states she developed and tested the A2A framework on "first on the ChatGPT platform" and then Defendants' "Gemini platform". ECF 19-1 at 3, 7, 20. Because she discloses her purported trade secrets to others "who are under no obligation to protect the confidentiality of the information", her "property right is extinguished." *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984); *Pharm. Rsch. & Manufacturers of Am. v. Stolfi*, 153 F.4th 795, 838–39 (9th Cir. 2025).

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's claim for misappropriation of trade secret under 18 U.S.C. § 1836.

### C. Plaintiff has failed to plausibly state the breach of an implied-in-fact contract with Defendants (Count II).

To prove breach of an implied-in-fact contract, a plaintiff must show "(1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages." *Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F. Supp. 3d 994, 1010 (N.D. Cal. 2018) (finding that no implied contract existed), *aff'd*, 815 F. App'x 117 (9th Cir. 2020). "The existence and terms of an implied contract are manifested by conduct." *Stanford Health Care v. Blue Cross Blue Shield of N. Carolina, Inc.*, No. 21-cv-04598-BLF, 2022 WL 195847, at *5 (N.D. Cal. Jan. 21, 2022) (quoting Cal. Civ. Code § 1621), "An implied-in-fact contract requires proof of the same elements necessary to evidence an express contract: mutual assent or offer and acceptance, consideration, legal capacity and lawful subject matter." *Northstar Fin. Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1050–51 (9th Cir. 2015). Mutual assent "is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings." *DeLeon v. Verizon Wireless, LLC*, 207 Cal. App. 4th 800, 813 (2012) (citation omitted). "[A] party's subjective intent, or subjective consent, therefore is irrelevant." *Stewart v. Preston Pipeline Inc.*, 134 Cal. App. 4th 1565, 1587 (2005) (internal quotation and citation omitted).

Here, while Plaintiff alleges that she made "formal notices to Google's Office of General

Counsel, attempts to engage through proper legal channels, and requests for partnership discussions," she failed to allege any of Defendants' conduct showing mutual agreement or intent to make any promise to her. Also, the Court finds Plaintiff's reliance on *Desny v. Wilder*, 46 Cal. 2d 715 (1956) and *Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975 (9th Cir. 2011) is inapposite. In *Desny*, the Court found an implied-in-fact contract between a writer and a producer when the producer's secretary, acting as his messenger, shared her knowledge with the writer as if it belonged to the producer, advised the writer on how to make his story more appealing to producers and directors after reading it, and expected that the writer would be compensated if his story was used. 46 Cal. 2d at 727. None of the similar conduct is present here. *See Antman v. Uber Techs., Inc.*, No. 15-cv-01175-LB, 2018 WL 2151231, at *12 (N.D. Cal. May 10, 2018); *Retired Emps. Ass'n of Orange Cty., Inc. v. County of Orange*, 52 Cal. 4th 1171, 1178 (2011). Moreover, the issue in *Montz* is whether copyright law preempts an implied-in-fact contract, distinct from the instant matter.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's claim for the breach of an implied-in-fact contract.

### D. Plaintiff has failed to show standing for the California unfair competition claim (Count III).

The California Unfair Competition Law ("UCL") broadly prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A plaintiff is required to allege for a UCL claim that he or she has (1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition. *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959–60 (9th Cir. 2009). "The requisite injury must be 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, *not conjectural or hypothetical*.'" *Id*. at 960 (citation omitted).

In this claim, Plaintiff only alleges that Defendants "engaged in unlawful business practices by appropriating Plaintiff's innovations and creating market confusion about their origin." ECF 19-1 at 19. In her Opposition, she claims that unlawful prong is established by trade secret misappropriation and breach of implied contract, and her injury is the loss of the licensing

value between Google and Windsurf. ECF 26 at 13.

The Court is not persuaded. As stated above, Plaintiff's right to purported trade secrets is extinguished for voluntary disclosure, and parties do not form an implied-in-fact contract in the absence of mutual agreement or intent to promise to Plaintiff, and therefore, there is no unlawful business act or practice. Further, the Court finds that Plaintiff's purported injury from the licensing value is not actual or imminent but conjectural or hypothetical. Plaintiff frames her argument linguistically such that her trade secret is functionally identical to Defendant's Deep Think, merely based on linguistic analogy and the seemingly matched three phases, to support the claim that her trade secret is equivalent to the licensing value that occurred. *See* ECF 19-1 at 10; ECF 26 at 13. Even if the Court were to find Plaintiff has standing for the ULC claim, Plaintiff's statements in her Opposition in this Motion fail to sufficiently supplement the unlawful, unfair, and fraudulent prongs because her theory is too esoteric to believe that there was a sufficient nexus between Defendants' actions and the resulting harm Plaintiff suffered. *See Asturias v. Nationstar Mortg. LLC*, No. 15-cv-03861-RS, 2016 WL 1610963, at *6 (N.D. Cal. Apr. 22, 2016)

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's California unfair competition claim.

**E. Plaintiff failed to state the claims of unjust enrichment, constructive trust, declaratory judgment, and anticompetitive conduct (Counts IV, V, VI, and VII).**

Defendants move to dismiss Plaintiff's claims for unjust enrichment, constructive trust, and declaratory judgment because they do not constitute an independent cause of action. ECF 25 at 23–25. Defendants claim that Plaintiff, as a private litigant, cannot bring a claim for anticompetitive conduct in violation of Section 5 of the Federal Trade Commission Act. *Id*. at 25–26.

Defendants correctly argue that unjust enrichment and constructive trust claims do not stand as independent causes of action, and the Federal Trade Commission Act does not confer a private cause of action. *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 132–33 (N.D. Cal. 2020) ("California does not recognize a separate cause of action for unjust enrichment"); *Mirkooshesh v. Elie*, No. 22-cv-07615-WHO, 2023 WL 2652240, at *6 (N.D. Cal. Mar. 26, 2023) ("Under

United States District Court
Northern District of California

California law, a constructive trust is a remedy, not a cause of action."); *Caron v. Fletcher Jones Motor Cars, Inc.*, 715 F. App'x 803, 804 (9th Cir. 2018); *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) ("[P]rivate litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by [§] 5(a)(1)" of the Federal Trade Commission Act.").

While Plaintiff may still bring a declaratory judgment cause of action at the motion to dismiss stage, it is unnecessary where an adequate remedy exists under some other cause of action. *See Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009); *cf. Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033, 1052 (N.D. Cal. 2025). Because Plaintiff's allegations in this claim center around purported misappropriation of her technology and implied-in-fact contract, which are already addressed in Counts I and II, the Court finds that this claim is redundant and unnecessary.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's claims for unjust enrichment, constructive trust, declaratory judgment, and anticompetitive conduct.

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Complaint. Plaintiff filed multiple lawsuits in this district against other companies for similar claims that were dismissed and recognized as frivolous. *See Trinidad v. Anthropic PBC et al.*, No. 3:25-cv-06883-SK, ECF 27, (N.D. Cal. Oct. 14, 2025); *Trinidad v. OpenAI et al.*, No. 4:25-cv-06328-JST, ECF 74, (N.D. Cal. Jan. 5, 2026); *Trinidad v. Anthropic PBC et al.*, No. 3:25-cv-06327-VC, ECF 15, (N.D. Cal. Aug. 5, 2025). Based on the facts alleged, the Court finds that this case is not an exception. Furthermore, the Court identifies several errors in her reliance on case law, wherein her arguments obscure the core issues of the dispute. Consequently, the Court finds that further leave to amend would be futile.

Accordingly, the Court **DISMISSED with prejudice.** *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless, fanciful, and delusional.') (quotation altered and citation omitted).

United States District Court
Northern District of California

The Clerk of the Court is ordered to terminate the matter and close the case. All future dates are hereby vacated.

This Order resolves ECF 25.

**IT IS SO ORDERED.**

Dated: April 17, 2026

TRINA L. THOMPSON
United States District Judge